# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MANUEL SOTO, CHARLES ROBINSON,
RAYMOND HERNANDEZ, ERIC R. FORD,
ERIC APODACA, DANIEL JOSEPH THOMAS
STANDLEY, TYLER JAMES VALENTINO,
ADAM MICHAEL DWAYNE, MICHAEL MARTIN,
MICHAEL NIETO, RAYMOND A. SAIZ,
MANUEL HOS, ANTHONY JURY, ADAM STEPHENS,
PAUL GARCHE, SANTANA BYCCK, DAINTE D.
SANDERS, ANTHONY R. MARTINEZ, MATTHEW J.
ZUBIA, TYLER TREADWAY, PATRICK HOPKINS,
OMAR HERRERA, FREDDY CHAVEZ, JESSIE
ROMERO, DOUGLAS COOPER, RUBEN OLIVAS,
DONOVIN SANTIAGO, JONATHAN DURAN,

        Petitioners,

vs.                             No. CV 20-00317 JCH/KK

GOVERNOR OF THE STATE OF NEW MEXICO, and
WARDEN, METROPOLITAN DETENTION CENTER,

        Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 2241 on the "Petition for Release of Pre-Trail Detainees During (COV-ID 19)" ("Petition") filed by twenty-five pretrial detainees at the Metropolitan Detention Center. (Doc. 1). The Court will dismiss the Petition.

## I. Background

Manuel Soto, Charles Robinson, and twenty-three other pretrial detainees filed their Petition in this Court on April 8, 2020. Petitioners are proceeding pro se. The Petitioners did not pay the filing fee for this proceeding and none of the Petitioners has filed an application to proceed

1

*in forma pauperis* under 28 U.S.C. § 1915. Petitioners mailed their Petition to this Court, asking that the Court forward copies to the Governor, the Second Judicial District Court, and Metropolitan Detention Center officials. (Doc. 1 at 2).

Petitioners claim that they are all pretrial detainees incarcerated at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. (Doc. 1 at 1). Petitioners contend that their detention without bond at MDC during the COVID-19 pandemic violates their human rights and they seek to be released to alternative forms of custody such as ankle monitors or community custody programs. (Doc. 1 at 1, 3). Petitioners allege:

> "As Americans of United States we are Innocent until proven guilty, and should preserve the right to be freed while waiting trail with other means to monitor us During this epedemic, because of the 5-409 the preventative hold in the 2nd judicial courts the 8th Amendment right to bond is no longer attached and is now cruel and unusual to the pre-trail detainees, that are here and can't bond out or even be released to other means . . .
>
> We are simplie asking that the inmates waiting for trail, be released using some of these servs. Which are alternative ways of confinement, which would help the health safety epedemic not spread and keep thousands of people safe. from caughting it and spredding it. . .
>
> We petition the Governor without bias or prejudice regardless of what we are accused of, we are held without bond in a world wide health scare we are not convicted . . .
>
> the burden strongly lies apond the state to prove that we are innocent so inmates held without bond violates our Due Process, and for courts to leave all of us innocent in jail varnuable to catch something that could be avoided if we were released is something our Govoner should strongly look at."

(Doc. 1 at 1-2) (errors in the original).

The Court is keenly aware of the difficult, complex questions and issues facing prisoners, law enforcement, the courts, prisons, and the State in light of the COVID-19 pandemic. However, federal courts are courts of limited, statutory jurisdiction, and this Court is without authority to

2

grant Petitioners the relief they request. The Petition fails to state a claim upon which federal relief can be granted and will be dismissed.

## II. The Court Construes the Petition as a Request for Habeas Corpus Relief Under 28 U.S.C. § 2241

Petitioners are prisoners in state custody. They seek immediate release from custody based on concerns arising out of the COVID-19 pandemic. (Doc. 1 at 1-3). Petitioners do not identify the statutory basis on which they seek relief in this Court. Ordinarily, a prisoner in state custody may seek habeas corpus relief under 28 U.S.C. §2254. Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court. . ."

28 U.S.C. § 2254(a). By its terms, Section 2254 applies only to prisoners in custody based on a judgment of a State court. Therefore, Section 2254 only provides relief for prisoners seeking relief from convictions or sentences following final judgment in the State court proceedings. *Walck v. Edmondson,* 472 F.3d 1227, 1234 (10th Cir. 2007). See, also, *Dickerson v. Louisiana,* 816 F.2d 220 (5th Cir. 1987); *Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012); *Jacobs v. McCaughtry,* 251 F.3d 596, 597 (7th Cir. 2001).

Petitioners are not in custody based on final judgments of conviction and sentence in State court. Instead, it is clear from the Petition that they are pretrial detainees, in custody based on State pretrial detention orders. (Doc. 1 at 1). The proper vehicle for a State prisoner to challenge pretrial detention is a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Walck*, 472 F.3d at 1235. Therefore, the Court will construe the Petitioners' filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

## III. The Petition Fails to State a Claim for Federal § 2241 Habeas Corpus Relief and the Court Lacks Jurisdiction

Federal courts, including this District Court, are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005); *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1225 (10th Cir.2004). Federal courts possess only the power authorized by the United States Constitution and federal statute and may only hear cases when empowered to do so by the Constitution and by act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). As a consequence, federal courts may generally only decide questions and controversies arising under federal law and controversies arising between citizens of different states. *See* 28 U.S.C. §§ 1331–32.

A proceeding under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody and the traditional function is to secure release from illegal custody. *Preiser, Correction Commissioner v. Rodriguez,* 411 U.S. 475, 484 (1973). Section 2241(c)(3) provides, in pertinent part, that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. Under § 2241, then, a detainee must raise a non-frivolous constitutional or federal law issue challenging the legality of the detention. *Butros v. Immigration and Naturalization Service,* 804 F.Supp. 1336, 1339 (D. Or. 1991) (citing *Blancada v. Turnage,* 891 F.2d 688, 690 (9th Cir. 1989). The federal courts cannot grant habeas relief for claimed errors or violations of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). If the State is not following its own rules or law, this error will not give rise to federal habeas relief unless failure to follow the rules also constitutes a violation of the federal constitution or federal law. *See Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980); *Aycox v. Lytle,* 196 F.3d 1174, 1180 (10th Cir.1999).

Petitioners in this case seek release from pretrial detention imposed by the State of New Mexico under provisions of New Mexico state law. As such, the Petition does not implicate any question under federal law. 28 U.S.C. § 2241(c); *Butros*, 804 F.Supp. at 1339. In their Petition, Petitioners do make generalized reference to the 8th Amendment and Due Process. (Doc. 1 at 1-2). However, neither allegation establishes any federal basis for relief.

Specifically, the Petition alleges "because of the 5-409 the preventative hold in the 2nd judicial courts the 8th Amendment right to bond is no longer attached and is now cruel and unusual to the pre-trail detainees." (Doc 1 at 1). The Petition appears to refer to Rule 5-409 of the New Mexico Rules of Criminal Procedure, governing pretrial detention. *See* Rule 5-409 NMRA. The question of whether Rule 5-409 is being followed by the State of New Mexico or whether it is or should be suspended during the COVID-19 pandemic is purely a question of New Mexico state law and does not implicate the United States Constitution. *Hicks v. Oklahoma,* 447 U.S. at 346.

Moreover, to the extent that Petitioners claim continued application of Rule 5-409 to their pretrial detention violates the cruel and unusual punishments clause of the 8th Amendment to the U.S. Constitution, that clause applies only to prisoners who are being punished following conviction and sentencing, not to pretrial detainees. *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999); *Kellum v. Bernalillo Cty.,* 250 F. Supp. 3d 846, 850 (D.N.M. 2017). The 8th Amendment cruel and unusual punishment clause has no application to pretrial detention in § 2241 cases.

The Petition further claims "the burden strongly lies apond the state to prove that we are innocent so inmates held without bond violates our Due Process." (Doc. 1 at 2). The Petition does not specify whether Petitioners are invoking due process under the 14th Amendment to the U.S. Constitution or, instead, the due process clause of the New Mexico Constitution, Art. II, § 18.

5

Regardless of whether Petitioners are invoking the federal due process clause, however, the Petition does not factually articulate how any State action relating to the COVID-19 pandemic has deprived them of any process due under the U.S. Constitution. To the contrary, the Petition clearly establishes that Petitioners have not sought any relief from the courts, prisons, or Governor of New Mexico prior to seeking relief in federal court. (Doc. 1 at 2, asking this Court to provide copies of the Petition to the Second Judicial District Court, MDC officials, and the Governor).

The Petition does not present any case or question under the Constitution, laws, or treaties of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. at 377; *Gad v. Kansas State Univ.*, 787 F.3d at 1035. The Petition does not state any § 2241 claim for relief and this Court lacks jurisdiction to grant Petitioners release from pretrial detention imposed by the New Mexico courts. 28 U.S.C. § 2241(c)(3). The question of whether a New Mexico state pretrial detainee should be released from detention during the COVID-19 pandemic is a question for the State of New Mexico to decide in the first instance. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966) (under principles of comity, the state courts should be the first courts to decide questions of state law). Unless and until Petitioners have been denied release by the New Mexico courts, officials, or legislature, and that denial constitutes a violation of established rights under the federal Constitution, laws, or treaties, Petitioners may not seek habeas corpus relief from this federal court. *Hicks v. Oklahoma,* 447 U.S. at 346; *Aycox v. Lytle,* 196 F.3d at 1180.

As we all face this world-wide crisis, the Court shares the concerns and fears relating to the COVID-19 pandemic. The Court is not without sympathy for those incarcerated during these difficult times. However, the Court's jurisdiction is not altered by the circumstances of the COVID-19 virus and the Court may not grant Petitioners any relief absent a federal constitutional or legal basis. *Estelle v. McGuire,* 502 U.S. at 67. The Petition does not present any federal

constitutional or legal basis, fails to state any claim for § 2241 relief, and must be dismissed. 28 U.S.C. § 2241(c); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. at 377; *Gad v. Kansas State Univ.*, 787 F.3d at 1035.

**IT IS ORDERED** that the "Petition for Release of Pre-Trail Detainees During (COV-ID 19)" ("Petition") filed by twenty-five pretrial detainees at the Metropolitan Detention Center. (Doc. 1) is **DISMISSED** for failure to state a federal claim for relief and lack of federal jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE